ESTATE OF LEONARD B. MERRIFIELD

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 24, 1904—Rehearing denied December 9, 1904.*

INHERITANCE TAX—*gifts or transfers made in contemplation of death are within the statute.* Property conveyed without consideration by an absolute deed, although the conveyance is followed by acceptance and possession by the grantee during the grantor's lifetime, is subject to an inheritance tax, under section 1 of the Inheritance Tax act, if the transfer was made in contemplation of the death of the grantor.

APPEAL from the County Court of LaSalle county; the Hon. M. O. SOUTHWORTH, Judge, presiding.

Leonard B. Merrifield, a resident of the city of Ottawa, LaSalle county, Illinois, departed this life intestate on April 15, 1903, leaving him surviving Mary C. Merrifield, his widow, and Louis W. Merrifield and Lilla M. Wood, his children and sole heirs-at-law. At the time of his death he was about sixty-five years of age. He had up to a few months prior to his death been actively engaged in business and had accumulated a fortune. For a period of from eight to ten years prior to his death he had been afflicted with an enlargement of the prostate gland, from which at times he suffered great pain. He had had a severe attack some three or four months prior to his death, after which, up to the time of his going to the hospital, he was under the care of a physician and confined to his house. In the month of April, 1903, under the advice of his physician, he determined to submit to a surgical operation. On the 13th day of that month he went to the Chicago Hospital in the city of Chicago, and on that day an operation was performed, from the effect of which he died two days thereafter. Before his departure for Chicago, on April 10, by conveyances and assignments absolute in form he conveyed and assigned all his property, both real and personal, with the exception of two

life insurance policies aggregating $3000, and promissory
notes and accounts aggregating $4204.84, to his wife and
children.   Real estate of the value of $6900 and personal
property of the value of $101,998.30 were transferred by him
to Mrs. Merrifield, and real estate of the value of $7500 and
personal property of the value of $45,000 were transferred
by him to Louis W. Merrifield, and personal property of the
value of $45,000 was transferred by him to Lilla M. Wood.
Thomas W. Burrows was appointed administrator of his
estate, and D. B. Snow was appointed appraiser to appraise
his estate under the provisions of an act entitled "An act to
tax gifts, legacies and inheritances in certain cases and to
provide for the collection of the same," approved June 15,
1895, in force July 1, 1895, and such proceedings were had
before the county judge of LaSalle county as resulted in an
assessment of an inheritance tax of $887.98 to be paid by
Mary C. Merrifield, of $325 to be paid by Louis W. Merri-
field, of $250 to be paid by Lilla M. Wood, and of $30 to be
paid by the estate of Leonard B. Merrifield, deceased.   An
appeal was prosecuted to the county court of said county.
The matter was heard upon oral testimony, depositions and
a stipulation in writing, and the action of the county judge
was approved, and a further appeal has been prosecuted to
this court.

The issue in this court is narrowed to a very small com-
pass by virtue of the stipulation that the only question to be
decided in this case is, were the deeds, gifts, grants, convey-
ances and assignments executed by Leonard B. Merrifield
on April 10, 1903, made in contemplation of the death of
said Leonard B. Merrifield, within the meaning of the act
to tax gifts, legacies and inheritances?

JARVIS R. BURROWS, and CHARLES E. WOODWARD, for
appellants:

The privilege of contracting, acquiring and receiving
property is both a liberty and a property right.  *Ritchie* v.

*People,* 155 Ill. 98; *Frorer* v. *People,* 141 id. 171; *Bailey* v. *People,* 190 id. 28; *Gillespie* v. *People,* 188 id. 176.

If one man is denied the right to contract as he has hitherto done under the law and as others are still allowed to do by the law, he is deprived of both liberty and property to the extent to which he is thus deprived of such right. *Ritchie* v. *People,* 155 Ill. 98; *Frorer* v. *People,* 141 id. 171.

The court will give the statute with reference to the taxation of gifts, legacies and inheritances such a construction as will enable it to conform to the constitution. *People* v. *Gaulter,* 149 Ill. 39; *People* v. *Thompson,* 155 id. 451.

It is not a general but a special tax, reaching only special cases and affecting only a special class of persons. *In re Enston,* 113 N. Y. 174; *In re Vassar,* 127 id. 1; *In re McPherson,* 10 N. E. Rep. 685.

Special tax laws are to be construed strictly against the government and favorably to the tax-payer, and a citizen can not be subject to special burdens without clear warrant, of law. *In re Vassar,* 127 N. Y. 1; *In re Enston,* 113 id. 174; *In re Fayerweather,* 143 id. 119.

The, State has the burden of proving the facts under which the transfer tax may be imposed. *In re Miller,* 77 App. Div. (N. Y.) 473.

The right to impose the tax must rest upon evidence sufficient in probative force to bring it within the statute, and must establish a case from which the law clearly authorizes its imposition. *In re Thorne,* 44 App. Div. (N. Y.) 8; *In re Bronson,* 150 N. Y. 1; *In re Enston,* 113 id. 174; *In re Vassar,* 127 id. 1; *Billings* v. *People,* 189 Ill. 472.

The words of the statute, "gift * * * in contemplation of death," have a well defined meaning at common law. They mean a gift *causa mortis.* 8 Am. & Eng. Ency. of Law, (1st ed.) 1341; *Jayne* v. *Murphy,* 31 Ill. App. 28; *Taylor* v. *Harrison,* 79 id. 380; 8 Am. & Eng. Ency. of Law, (1st ed.) 1346; 3 Redfield on Wills, 325.

Where a term or a word which had a well known meaning at common law is used in a statute, such word or term shall be understood, in the construction of the statute, in the same sense as at common law. Endlich on Interpretation of Statutes, sec. 3; *Bedell* v. *Janney,* 4 Gilm. 192; *Steere* v. *Brownell,* 124 Ill. 27.

An absolute and irrevocable gift *inter vivos* is not within the provisions of the law, for the reason that there would be no succession to title at or after death. *Matter of Edgerton,* 35 App. Div. (N. Y.) 125; 158 N. Y. 671; *Matter of Seaman,* 147 id. 69; *Matter of Spaulding,* 49 App. Div. (N.Y.) 541; *Matter of Mahlstedt,* 67 id. 176; *Matter of Bostwick,* 160 N. Y. 489.

H. J. Hamlin, Attorney General, for the People:

A *donatio causa mortis* is a gift to become effective upon the death of the donor. If the donor dies from his present ailment and the gift is not revoked, the condition may be implied from the circumstances though the gift is absolute in form. *Rhodes* v. *Childs,* 64 Pa. St. 18; *Kenniston* v. *Leva,* 54 N. H. 24; *Grimes* v. *Hone,* 49 N. Y. 17.

The presumption is that a gift made during a last sickness is intended to take effect at donor's death, even though it be not so declared.

Where a transfer by deed is made or intended to take effect in possession or enjoyment after grantor's death, the property is subject to the inheritance tax. *Reisch* v. *Commonwealth,* 106 Pa. St. 521; *Appeal of DuBois,* 121 id. 368.

Mr. Justice Hand delivered the opinion of the court:

It is provided by section 1 of the Inheritance Tax act, (Hurd's Stat. 1903, chap. 120, par. 366,) that all property, real, personal and mixed, or any interest therein or income therefrom, which shall be transferred by "deed, grant, sale or gift, made in contemplation of the death of the grantor or bargainor, or intended to take effect in possession or en-

joyment after" the death of the grantor or bargainor, shall be subject to a tax, etc. In construing this act in *Kochersperger* v. *Drake,* 167 Ill. 122, it was held the inheritance tax was not the imposition of a burden upon the property itself, but upon the right of succession thereto. From the admitted facts in this case it is clear no consideration was paid Leonard B. Merrifield by Mary C. Merrifield, Louis W. Merrifield or Lilla M. Wood for the conveyances and transfers made to them, respectively, of said property, but that the same was conveyed and transferred to them to place the title thereto in them prior to the death of Leonard B. Merrifield. It is therefore clear the transfers to each of them by him were gifts, and we think it equally clear said transfers were made by Leonard B. Merrifield in contemplation of death. The statute provides in case of gifts, an inheritance tax shall be collected if (1) the gift was made in contemplation of the death of the donor, or (2) was intended to take effect in possession or enjoyment after the death of the donor. It will be observed, however, the statute does not provide the donee of property shall be liable for an inheritance tax, but only provides he shall be liable for an inheritance tax when the transfer is made in contemplation of the death of the donor.

It is urged that the stipulation found in the record to the effect that the transfers to Mrs. Merrifield and to Louis W. Merrifield and Lilla M. Wood were absolute, that they were accepted by them, that they entered into the possession and ownership of the property transferred to them, respectively, and that after said transfers were executed Leonard B. Merrifield had no interest in the property, shows that the transfers were gifts *inter vivos* and not gifts *causa mortis,* and that the title to the property vested in said donees during the life of Leonard B. Merrifield, and that the donees are not liable to pay an inheritance tax by reason of the transfers of said property to them. We think the stipulation may be given full force and effect, and that it may be conceded that

the transfers were absolute, and that after the execution and delivery thereof the title vested in the donees thereof absolutely as against Leonard B. Merrifield, and still the person receiving said property be held liable to pay an inheritance tax by reason of such transfers. The stipulation does not state the transfers were not made by Leonard B. Merrifield in contemplation of death. In the eye of the law the transfers may have been absolute and yet have been made by Leonard B. Merrifield in contemplation of death, and if so made the donees are liable to an inheritance tax. In other words, a gift *inter vivos,* if made in contemplation of the death of the donor, will subject the donee, under the statute, to the payment of an inheritance tax, while if made not in contemplation of death it would not.

It is said, however, by appellants, that a transfer of property made without consideration, in contemplation of death, is a gift *causa mortis,* and that the stipulation is that the gift was absolute, hence it could not be a gift *causa mortis,* as a gift *causa mortis* is conditioned upon the death of the donor. A gift *causa mortis,* strictly speaking, applies only to personal property, and the gift is defeated if the donor recover. In this case the subject matter of the transfers was both real and personal property, and the transfers were absolute, and not upon the condition that they should be revocable in case of the recovery of the donor. They were, however, made in contemplation of his death. They fall, therefore, more nearly within the description gifts *inter vivos* made in contemplation of death, than within the designation gifts *causa mortis.* While no witness testified, and it was not stipulated, that the transfers were made in contemplation of the death of Leonard B. Merrifield, the county court properly reached the conclusion from the admitted facts that the transfers were made by Leonard B. Merrifield in contemplation of death. This is a new question in this court. We have examined the authorities cited and relied upon by the appellants from other States, and are of the opinion nothing is found therein incon-

sistent with the views herein expressed when applied to a case like this. If, however, it is held therein that the donee of property is not liable to pay an inheritance tax by reason of the fact, alone, that the transfer to him was absolute, although made in contemplation of the death of the donor, we are not disposed to be governed by them in giving a construction to our own statute, as we think it clear the statute in force in this State will not bear such construction.

The judgment of the county court will be affirmed.

*Judgment affirmed.*