THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
ANNA E. BURKHALTER, Appellee.

*Opinion filed December 21, 1910.*

1. INHERITANCE TAX—*when transfer of real estate is subject to inheritance tax.* Under the Inheritance Tax law of 1895, if the actual intention of the parties to a deed is that possession or enjoyment of the land shall be postponed until after the grantor's death the transfer will be subject to an inheritance tax, if otherwise within the terms of the act, even though such intention is not expressed in writing.

2. SAME—*a gift made in contemplation of death is subject to inheritance tax.* A gift, though absolute and followed by possession and enjoyment of the property in the donor's lifetime, is subject to the Inheritance Tax law if it was made in contemplation of death, even though there was no intent to evade paying the tax.

3. SAME—*when contemplation of death must be the impelling motive for transfers or gifts.* Where transfers and gifts of property take effect in possession and enjoyment during the lifetime of the grantor, they are not subject to an inheritance tax unless the grantor's contemplation of death was the impelling motive which caused him to make them.

4. SAME—*when transfers and gifts are not subject to an inheritance tax.* Where one transfers his property to a person not related to him in any way, as consideration for a contract for the

care of his afflicted daughter, and the property is·taken possession of by the transferee, who begins and completes the performance of her contract during the grantor's lifetime, the transfers and gifts are not subject to an inheritance tax as having been made in contemplation of death, even though the grantor may have expected his daughter to outlive him and intended by his contract to make provision for her future in that event.

APPEAL from the County Court of Knox county; the Hon. HENRY E. BURGESS, Judge, presiding.

W. H. STEAD, Attorney General, (R. D. ROBINSON, and WILFRED ARNOLD, of counsel,) for appellant.

WILLIAMS, LAWRENCE, WELSH & GREEN, and F. O. MCFARLAND, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Jonathan C. Garwood died intestate on February 17, 1907. In his lifetime he had been the owner of real and personal property of the value of about $125,000. A few years before his death he had conveyed, assigned and transferred all of it to the appellee, Anna E. Burkhalter, who was not related to him either by blood or marriage. An appraiser appointed under the Inheritance Tax law made a report to the county judge, who ascertained and fixed an inheritance tax against the appellee on account of the property so transferred to her (which was appraised at $126,-750) of $7984, including interest. Upon an appeal by the appellee to the county court an order was entered finding that the property was not subject to the provisions of the Inheritance Tax law, and the People appealed.

Section 1 of the Inheritance Tax law of 1895, which was in force at the time the several transfers were made and at the death of the grantor, imposes a tax upon all property which shall be transferred by deed, grant, sale or gift made in contemplation of the death of the grantor, or intended to take effect, in possession or enjoyment, after

such death. If the actual intention of the parties to a deed is that possession or enjoyment of the land shall be postponed until after the grantor's death, the transfer will be subject to the inheritance tax even though such intention is not evidenced in writing. (*People* v. *Estate of Moir*, 207 Ill. 180.) So will an absolute gift, though followed by possession and enjoyment of the property in the grantor's lifetime, if the gift was made by him in contemplation of his death; (*Estate of Merrifield* v. *People*, 212 Ill. 400;) and this without regard to any intent to evade the payment of the tax. (*Rosenthal* v. *People*, 211 Ill. 306.) An owner may give away or otherwise dispose of his property, or any part of it, in any manner he sees fit, and if such disposition takes effect, in possession and enjoyment, during his lifetime, it will not be subject to an inheritance tax unless made in contemplation of his death. The questions presented by the record therefore are: Were the various deeds and transfers to the appellee made by the grantor in contemplation of his death, and were they intended to take effect in possession or enjoyment only after his death?

Jonathan C. Garwood's wife died in 1897. They had only one living child, a daughter, Manie, then about thirty-five years old, who from her birth had been unable to speak or hear. For a number of years Miss May Greenough had lived in the Garwood family as a companion of Miss Garwood, who by reason of her affliction needed a constant attendant. After Mrs. Garwood's death Miss Greenough remained with Miss Garwood until October, 1901, when she quit that service and was married, declining Mr. Garwood's offer of $40,000 if she would continue there and not get married. Thereupon, through the mediation of her brother, Mr. Garwood prevailed upon the appellee to undertake the task of attending and caring for his daughter. After remaining a time she returned to her own home and Mr. Garwood again sought the help of the brother. The result was that the appellee again undertook the task, and

an agreement was entered into whereby, in consideration of the appellee's continuing to act as companion of and caring for Miss Garwood as long as the latter lived, Mr. Garwood undertook to convey and transfer to the appellee all the property he possessed.   The appellee faithfully performed her part of the contract and until Miss Garwood's death, in 1904, devoted herself to that work.   On the other hand, Mr. Garwood performed the contract on his part by conveying and assigning to the appellee, from time to time, different portions of his property until he had transferred it all to her, the last transaction being a few weeks before his daughter's death.   The appellee at once took possession of the property so transferred to her, leased and controlled the real estate, and had the actual custody of the stocks, bonds, notes and deeds.   The appellee was confined closely to the house in the performance of her duties to Miss Garwood and business in connection with the property was sometimes transacted by Mr. Garwood.   It was, however, only for the appellee and as her agent, for it is manifest from the evidence that after the respective transfers to her she had exclusive dominion over the property.

When the appellee went to Garwood's home he was seventy-four years old, but he was in good health, though not strong.   Though he took medicine and required the attention of a physician during the last few years of his life, he had no serious illness and was not confined to his bed until about a month before he died.   After his wife's death he had no family but the one helpless daughter, and his one object in life seems to have been the securing of her welfare throughout her life.   He realized that he could live but a few years longer and expected his daughter would outlive him.   He might well expect her to survive him many years, and the care of her future would necessarily be an object of great solicitude to him.   In this sense his act in transferring his property may be said to have been made in contemplation of his death.   But he did not trans-

fer his property to his daughter or in trust for her. Instead he sold it in consideration of a contract for her care, the performance of which began and was completed in his lifetime. The property itself was not devoted to the use of his daughter except, indirectly, as it would enable the appellee to carry out her personal contract. It was not his impending death which was the impelling motive for making this disposition of his property, but his desire to provide for his daughter's future, whether he lived or died. The contemplation of death must be the impelling motive, without which the conveyance would not be made, in order to subject a transfer of property to the inheritance tax.

In the argument for the People the effect of the supposed fiduciary relation existing between the appellee and Jonathan C. Garwood is discussed, as well as the want of consideration for the conveyances of real estate in December, 1901. But these matters have nothing to do with the right of the People to an inheritance tax. The claim of the People is based upon the proposition that by the conveyances the appellee acquired title to the property. Unless she did acquire title there has been no transfer to which any tax can apply. The existence of any consideration for the deeds of December, 1901, is only important as bearing upon the credibility of the appellee as a witness. There is, however, no substantial conflict in the evidence. The statements of Mr. Garwood which are thought to be at variance with the appellee's version of the matter do not seem to us to be substantially in conflict with it. Whether the contract was wise or greatly beneficial to either party is not material and we have not discussed it, but it is plainly to be seen that if the services required of appellee had continued for thirty or forty years instead of three, it might well be doubted whether the property received would compensate her for the sacrifices made.

The judgment of the county court was right, and it will be affirmed.                                    *Judgment affirmed.*