JOHN G. SLOAN *et al.*, Appellants, *v.* THE PEOPLE.

APPEAL FROM RANDOLPH.

A sheriff may take a recognizance after indictment found, of a prisoner in his custody, although a writ has not issued from the Circuit Court commanding an arrest.

THIS was a *scire facias* on a recognizance in the Randolph Circuit Court. It recites that James Campbell was indicted for a rape, on the 6th of April, 1858, in said county, and recognizance ordered in $800; that on the 30th of April, 1858, "there was executed before the sheriff of said county, a bond or recognizance" by said Campbell, and said appellees and others, in the penal sum of $800, which was filed on the day last aforesaid, with the clerk of said Circuit Court. And that

on the 6th of September, 1859, an order of forfeiture was entered of record in said court, and *scire facias* ordered against said Campbell and the appellees, returnable, etc.

To this *scire facias* the appellees plead: 1st. *Nul tiel* record of the recognizances and forfeiture. 2nd. That the said sheriff at the said time when he took said recognizance, had no writ, power or authority to take said recognizance, etc. 3rd. That at and before the time said recognizance was taken, etc., the said Campbell was committed to the common jail of said county, and in the custody of the jailor thereof, and the said sheriff then and there had no writ, power or legal authority to take or approve said recognizance, etc. 4th. That the said recognizance was not taken and approved and entered into before the said sheriff, in manner and form, etc.

All the pleas were traversed except the third, which was demurred to by the People, and the demurrer was sustained by the court. The bill of exceptions recites that the recognizance was introduced in evidence, purporting to have been " taken and acknowledged by the sheriff " on the 30th of April, 1858. Also, a forfeiture of record as stated in said *scire facias.*

Also, an order of record, dated April 6th, 1858, that recognizance and bail in $800 be taken of said James Campbell. It was admitted that the sheriff took said recognizance in vacation, under said order of court, without any writ or capias in his hands at the time. The court found for the People. Defendants below moved for a new trial, because the finding was not warranted by the law or the evidence, which motion was overruled, and appellees excepted at the time, and bring this cause by appeal here, and assign for error: 1st. The court below erred in not finding for them on the evidence, and in not granting them a new trial. 2nd. The court below erred by sustaining a demurrer to appellant's third plea.

UNDERWOODS, for Appellants.

A. WATTS, for The People.

CATON, C. J. A bill of indictment was found against the prisoner while he was in jail on a preliminary mittimus. The amount of bail was fixed by the Circuit Court, when the court continued the cause and adjourned, while the prisoner was still in the custody of the sheriff, he not having offered the requisite bail. After the adjournment of the court, the prisoner tendered to the sheriff sufficient surety, whose recognizance was taken by the sheriff in due form, and the prisoner discharged. He failed to appear at the subsequent term, according to the exigency of

the recognizance, which was regularly forfeited, and a *sci. fa.* issued, upon the return of which, the defense was made that no writ had issued from the Circuit Court to the sheriff, commanding him to apprehend the prisoner, after the indictment was found, and that for the want of such writ the sheriff had no authority to take the recognizance. We are not inclined to impute so absurd an intent to our law, as to require a warrant to be issued to the sheriff, commanding him to arrest a prisoner already in his custody, before he can admit him to bail. The object of a warrant is in general to arrest, and not to discharge a prisoner. When the prisoner is already in custody, such a writ has no office to perform. We must look at the practical common sense of a statute to comprehend its spirit and mean The objection is too frivolous to bear discussion.

The judgment must be affirmed.

*Judgment affirmed.*