NARCISSE RIVARD *et al.*

*v.*

HIRAM WALKER *et al.*

1. DEED—*what amounts to a delivery of between adults.* A mere formal delivery of a deed is not required, even between adults. It is only necessary that the grantor should part with the control of the deed, and do so with a view of passing the title. The delivery may be to the grantee, or to a stranger, for his use, and his acceptance will be presumed, from the fact that the deed is for his benefit.

2. SAME—*as to infant grantees.* As to the delivery of a deed to infants, a greater presumption is indulged, in their behalf, than as to adults, from the fact of their incapacity to manifest directly their acceptance of the deed.

3. A made and executed a deed of certain premises to his minor children, to prevent the same from being squandered by his then wife, and had the same recorded. Afterward the wife obtained a divorce, whereupon A filed a bill to set aside the deed made to the children, on the ground that there had been no delivery to the grantees, and that the motive for executing the deed had ceased to exist. *Held:*

1. That, it appearing from the averments in the bill that A intended to part with the title to the land for the purpose of placing it beyond the reach of his spendthrift wife, and secure it for the benefit of his children, which objects would not have been accomplished had A not intended that the deed should take immediate effect, such intention was evidenced and consummated by delivering the deed to the magistrate, without any reservation, and directing him to record it; and this, in behalf of infant grantees, will be regarded as an absolute delivery for their benefit.

2. The fact that A, after the deed was recorded, told the recorder not to deliver the deed to any one but himself, except in event of his death, when he should deliver it to the grantees, does not relieve A from the effect of such absolute delivery.

3. A, by directing the deed to be recorded, and by its record, assured the public that he had transferred the title to his children, and cannot be permitted to resume it at pleasure because he may have afterward regretted the act.

WRIT OF ERROR to the Circuit Court of Sangamon County; the Hon. CHARLES EMERSON, Judge, presiding.

The facts in the case are fully stated in the opinion.

Mr. W. H. HERNDON, for the plaintiffs in error.

Mr. JAMES C. CONKLING, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

At the June Term, 1853, of the Sangamon Circuit Court, one John T. Sinclair filed his bill in chancery, setting forth that on the 5th of November, 1851, in consequence of certain domestic difficulties, and to prevent his property from being squandered by his then wife, he had made a deed of certain real estate to his children of a former marriage, and had caused the deed to be recorded, but had never delivered it to the grantees or to any person for their use; that his wife had shortly before the filing of said bill procured a divorce; that his original motive for executing said deed had therefore ceased to exist, and praying that the deed might be set aside as a cloud upon his title. The grantees in the deed, who were then infants, were made defendants. The case was referred to a master, who took testimony and reported it to the court, and thereupon a decree was pronounced canceling the deed. The defendants, having attained their majority, now bring the record to this court, and ask a reversal of this decree.

The testimony reported by the master, so far from showing that the deed was not delivered, in our opinion, clearly shows that it was. The magistrate before whom it was acknowledged swears that Sinclair left the deed with him on the same day it was acknowledged, with directions to leave it at the recorder's office for record, and the witness did so leave it. The recorder testifies that he received it from the magistrate and recorded it, and when Sinclair called to pay him his recording fee he told witness not to deliver the deed to any one but himself except in the event of his death, when it was to be delivered to the grantees. This is all the testimony in the record upon this point.

A merely formal delivery of a deed is not required, even as between adults. It is only necessary that the grantor should part with the control of the deed, and do so with a view of

passing the title of the land. He may deliver the deed to the grantee or to a stranger for his use, and his acceptance will be presumed from the fact that the deed is for his benefit. This is the law in behalf of adults, and a much larger presumption is indulged in regard to infants, from their incapacity to manifest directly their acceptance of a deed. In the case of *Bryan* v. *Wash*, 2 Gilm. 568, this court says, in regard to deeds made for the benefit of infants, " the presumption of law is in favor of their delivery, and the burden of proof is on the grantor to show clearly that there was no delivery ; " and various English and American cases are cited in support of the rule. So, also, in *Masterson* v. *Cheek*, 23 Ill. 77, the court says, " the law presumes much more in favor of the delivery of deeds in the case of voluntary settlements, especially when made to infants, than it does between parties of full age in ordinary cases of bargain and sale." These cases were substantially like the one at bar, and in both the court held the delivery in favor of the infant sufficient, although hardly as clearly shown, as in the case before us. For in this case, the bill shows upon its face that the complainant intended to part with the title to his lands for the purpose of placing them where they would be beyond the reach of debts contracted by his spendthrift wife and secured for the benefit of his children. Both of these objects are avowed in the bill, and yet they would not have been accomplished if the deed, which was made upon a consideration of one dollar and natural love and affection, had not been intended to take immediate effect. Such being the intention of the grantor, he evidenced and consummated it by delivering the deed to the magistrate without any species of reservation, and directing him to have it recorded. This, in behalf of infant grantees, and when explained, as it is by the averments in the bill, will be regarded as an absolute delivery for the benefit of the infants, and the fact that the grantor afterward manifested to the recorder an intent not to part with all control over the deed, cannot relieve him from the effect of such absolute delivery. By directing the deed to be recorded, and by its record, he gave to the public the most solemn assurances

in his power that he had transferred his title to his children, and he cannot be permitted to resume it at pleasure, because he may have afterward inclined to regret his act.

The decree is not sustained by the evidence, and must be reversed and the cause remanded.

*Decree reversed.*

NOTE BY THE REPORTER.—See *Rivard* v. *Gardner, ante* 125, for another branch of this case.