## JOHN WELBORN *et al.*

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. PRACTICE—*time of objecting to evidence.* If a recognizance is variant from that described in the *scire facias*, the defendant must make the objection at the time it is offered in evidence. If the objection is not urged in the circuit court, it can not be in this court.

2. PLEADING—*averment against the record.* It is a maxim in law that there can be no averment in pleading against the validity of a record, although there may be against its operation. Therefore, pleas to a *scire facias* upon a recognizance, which attempt to question the verity of the record, are bad on demurrer.

3. RECOGNIZANCE—*power of sheriff to take.* The power of a sheriff to take a recognizance from a person who is indicted, is not limited to the time of making the arrest, but he may take the same at any time after he has committed such person to jail.

4. EVIDENCE—*to contradict record.* Where the record shows that a recognizance of a prisoner was taken and approved by the sheriff, parol evidence is inadmissible to contradict it, or to show that when the same was filed there was no approval on it.

APPEAL from the Circuit Court of Shelby county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

Messrs. MOULTON & CHAFFEE, for the appellants.

Mr. L. B. STEVENSON, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from a judgment rendered in the circuit court of Shelby county, on a proceeding by *scire facias* upon a recognizance, entered into before a sheriff, by William Spicer as principal, and John Welborn as surety.

At the February term, 1869, of the circuit court of Shelby county, an indictment was presented by the grand jury against Spicer, for larceny. The court fixed the bail at $300.

On the 19th day of August, 1869, Spicer was arrested on a *capias* by the sheriff, and in default of bail he was committed to jail.

On the 19th day of October, after the arrest, Spicer entered into the recognizance before the sheriff, with Welborn as his surety, to appear at the next term of the circuit court.

The recognizance was accepted by the sheriff, Spicer discharged from jail, and it was filed with the clerk of the circuit court, and became a record.

At the next term of the circuit court Spicer failed to appear, and a forfeiture of the recognizance was taken.

The first point relied upon by appellant to secure a reversal of the judgment is, that there is a variance between the *scire facias* and the recognizance; that it is averred in the *scire facias* that the defendants jointly and severally acknowledged themselves to owe and be indebted, and the recognizance offered in evidence shows that the obligation of defendants was joint only.

We do not consider that we would do violence to the language used in the recognizance, to hold it to be a joint and several obligation.

But if it be true that the variance claimed by appellants in fact existed, it is a sufficient answer to the position assumed, that the recognizance was offered and read in evidence without objection.

The *scire facias* is to be regarded as a declaration. If there was a variance between it and the recognizance offered under it, appellants were required to make the objection at the time the evidence was offered. The question not having been raised in the circuit court, but urged for the first time here, comes too late.

The next question urged by appellants is, that the court erred in sustaining a demurrer to the third and fourth pleas by them filed.

It is said in Chitty on Pleading, page 485 : "It is a maxim in law that there can be no averment in pleading against the validity of a record, although there may be against its operation."

Each of these pleas attempted to question the verity of the record of the circuit court of Shelby county. We understand the law to be well settled, that the record imports absolute verity, and no averment can be taken against it. For this reason the pleas were bad, and the demurrer properly sustained. Stephen on Pleading, 158 ; *People* v. *Watkins,* 19 Ill. 118 ; *Johnson* v. *The People,* 31 Ill. 472.

It is, however, insisted, that the sheriff had no power to take the recognizance, and that it was not approved by him.

It is provided in section 1, page 202, Gross: "That the circuit court, where an indictment shall be found, shall make an order fixing the amount of bail, which shall be indorsed on the process by the clerk; and the sheriff or officer who shall arrest the indicted person, shall let such person to bail upon his entering into recognizance, which recognizance shall be signed by the persons entering into the same, and certified by the officer taking the same."

Under this provision of the statute it is not pretended that the sheriff, when he made the arrest of Spicer, did not have authority to admit him to bail, but it is insisted that after the arrest and commitment of the prisoner to jail the sheriff had no power to take bail.

We do not think a proper construction of the statute would limit the power of the sheriff to the time of arrest to admit to bail.    The statute does not so read—it is more comprehensive in its terms.

We are unable to perceive any good reason for placing the construction upon the statute contended for by appellants.

If the sheriff was competent to exercise the power of taking bail when he arrested a prisoner upon a *capias,* we fail to perceive any reason why he can not discharge the duty with as much fidelity, and as satisfactory to the public, after he has placed the prisoner in jail as before.

In case of *Sloan* v. *The People,* 23 Ill. 77, it was held, where a person was indicted while in jail, and the amount of bail had been fixed by the court, and after the adjournment of court, that the sheriff had power to admit the prisoner to bail, although he had not made the arrest and held no *capias.*

If, as was held in that case, the sheriff could admit to bail where he had not made the arrest and held no *capias,* certainly his power could not be disputed in the case before us.

In regard to the position that the recognizance was not approved by the sheriff, that question was settled by the record, which showed the taking and approval of the bond, and that it was filed and became a matter of record.

The evidence of appellants, that after the recognizance had been filed in the office of the clerk of the circuit court, the approval of the sheriff had not been indorsed upon the bond, could not impeach the record.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*