LYDIA Z. BAKER et al.

v.

MARTHA ZURRETTA HALL et al.

*Opinion filed February 21, 1905.*

1. DEEDS—*acceptance of a deed of voluntary settlement is presumed.* Acceptance of a deed of voluntary settlement, if its terms are beneficial to the grantee, will ·be presumed, even though the grantee had no knowledge of the existence of the deed until after the grantor's death.

2. SAME—*presumptions are in favor of the delivery of a deed of voluntary settlement.* The· law makes stronger presumptions in favor of the delivery of a deed of voluntary settlement than in ordinary bargain and sale, especially where the grantee is an infant or under mental disability.

3. SAME—*what a sufficient delivery of deed.* A deed of voluntary settlement, made to the minor child of the grantor but reserving a life estate to the grantor ·and her husband, who joined in the deed, and which, after acknowledgment, is handed by the notary to the grantor's husband in her presence and placed on record by him after the grantor's death, is sufficiently delivered to the grantee in the absence of proof of any rebutting facts or circumstances.

APPEAL from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding.

It appears from the pleadings, proofs and master's report found in the record in this case, that for some years prior to the 16th day of May, 1885, Martha Ann Hall was the owner in fee simple of one hundred and seventy eight acres of agricultural lands located in Champaign county, Illinois, upon which she, her husband, Lyman Hall, and their daughter Martha Zurretta Hall, resided as their home; that on that day Martha Ann Hall, and her husband, Lyman Hall, executed and acknowledged a deed conveying the said premises to Martha Zurretta Hall in consideration of one dollar to them in hand paid, "also in consideration of faithful services rendered" by Martha Zurretta Hall in caring for

her parents, and the grantors reserved the right "to hold full possession until the deaths of each of the grantors, when the grantee is to have full possession in her own right." At the time of the execution of said deed Martha Ann Hall was sick and confined to her bed. After the deed was signed and acknowledged it was handed by the notary to Lyman Hall in the presence of Martha Ann Hall. Martha Ann Hall died December 30, 1885, and Lyman Hall filed said deed for record May 3, 1886, in the recorder's office of Champaign county, where it was recorded, and in 1891 deposited it with Lyman Hall, Jr., a grandson, with instructions to hold the same for him, in whose possession it remained until the commencement of this suit. There is no proof in the record when Martha Zurretta Hall first knew of the existence of the said deed. After the death of Martha Ann Hall, Lyman Hall and Martha Zurretta Hall continued to reside on said premises for a number of years, when they moved to the city of Champaign, where they lived at the time of the death of Lyman Hall, which occurred in the month of February, 1892.

On December 31, 1891, Martha Zurretta Hall executed a trust deed conveying the said premises to Charles R. Baker, as trustee, which she delivered to Baker after the death of Lyman Hall, and Baker has been in possession of the said premises, as trustee, since the delivery to him of said deed, which trust deed provided said trustee should take possession of and rent the land, keep up improvements, and pay the balance of the income, less his compensation, to Martha Zurretta Hall during her life, and upon her death to convey the premises to Lydia Z. Baker, Emily Z. Hall and Nellie I. Bowers, in equal proportions. The witnesses speak of Martha Zurretta Hall, from the time she was sixteen years of age, as peculiar and not mentally strong, and on August 2, 1892, she was adjudged incapable of caring for her property, and B. D. Harbison was appointed conservator of her estate. He afterwards resigned, and Isaac Fielding, one of the appellees, was appointed his successor. Martha Ann Hall left

her surviving Lyman Hall, her husband, and Martha Zur-
retta Hall, Lydia Z. Baker and Emily Z. Hall, her daugh-
ters, and Nellie I. Bowers, the child of a deceased daughter,
as her sole and only heirs-at-law.

After the appointment of Isaac Fielding as conservator,
a controversy arose between him and the trustee as to the
execution of said trust, and the trustee filed a bill in equity to
construe said trust deed, fix his compensation, the amount he
should expend in improvements, and for the approval of his
accounts. The conservator filed a cross-bill attacking the va-
lidity of the trust deed on the ground of want of mental ca-
pacity in Martha Zurretta Hall to execute the same, and a
cross-bill was filed by Lydia Z. Baker to set aside and cancel
the deed from Martha Ann Hall and Lyman Hall to Martha
Zurretta Hall as a cloud upon her title, upon the ground that
said deed had never been delivered to Martha Zurretta Hall,
and for the partition of said premises between herself, Mar-
tha Zurretta Hall, Emily Z. Hall and Nellie I. Bowers, as
heirs-at-law of Martha Ann Hall, deceased. The issues were
made up and the cause was referred to the master to take
proofs and report his conclusions. The master found the
deed from Martha Ann Hall and Lyman Hall to Martha
Zurretta Hall had never been delivered to Martha Zurretta
Hall, and that the title to said premises was in Martha Ann
Hall at the time of her death, and descended in equal por-
tions to Martha Zurretta Hall, Lydia Z. Baker, Emily Z.
Hall and Nellie I. Bowers, as her heirs-at-law, subject to the
rights therein of Lyman Hall, husband of Martha Ann Hall,
which rights had become extinguished by reason of his death,
and recommended that the premises be partitioned between
said heirs. Exceptions were filed to the master's report and
sustained by the court, and the cross-bill of Lydia Z. Baker
was dismissed for want of equity, and Lydia Z. Baker, Emily
Z. Hall and Nellie I. Bowers have brought the record to this
court for further review by appeal.

MANFORD SAVAGE, THOMAS J. SMITH, and C. R. IUN-GERICH, for appellants.

A. D. MULLIKEN, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

The only question involved upon this appeal is whether the deed executed on May 16, 1885, by Martha Ann Hall and husband to Martha Zurretta Hall, was in the lifetime of Martha Ann Hall delivered to the grantee so as to vest the title to the premises described therein in said grantee.

It is clear from the evidence in this record that said conveyance was intended by the grantors as a voluntary settlement of said premises upon their daughter Martha Zurretta Hall. In case of a voluntary settlement it is well settled by the adjudicated cases that the law presumes much more in favor of the delivery of the deed whereby the settlement is created than it does in ordinary cases of deeds of bargain and sale. Especially is this true in case the grantee is an infant or of unsound mind. This difference arises on account of the degree of confidence which the parties, in case of voluntary settlements, are presumed to repose in each other, and the inability of the grantee, in many cases, to take care of and protect his own interests. In an early case (*Bryan* v. *Wash*, 2 Gilm. 557,) Judge CATON thus announced the law governing the presumptions which obtain as to the delivery of a deed in case of voluntary settlement. He said (p. 568) : "It must be remembered that the law presumes much more in favor of the delivery of deeds in case of voluntary settlements, especially when made to infants, than it does in ordinary cases of bargain and sale. The same degree of formality is never required, on account of the great degree of confidence which the parties are presumed to have in each other, and the inability of the grantee, frequently, to take care of his own interests. The presumption of law is in favor of the delivery, and the burden of proof is on the grantor to show

clearly that there was no delivery. It was so adjudged by Chancellor Kent in the case of *Souverbye* v. *Arden*, 1 Johns. Ch. 256, where he says: 'A voluntary settlement, fairly made, is always binding, in equity, upon the grantor, unless there be a clear and decisive proof that he never parted or intended to part with the possession of the deed; and even if he retains it, the weight of authority is decidedly in favor of its validity, unless there be other circumstances, besides the mere fact of his retaining it, to show that it was not intended to be absolute.' " This case has been followed and the principles therein announced approved by this court in the following cases: *Masterson* v. *Cheek*, 23 Ill. 72; *Rivard* v. *Walker*, 39 id. 413; *Reed* v. *Douthit*, 62 id. 348; *Union Mutual Life Ins. Co.* v. *Campbell*, 95 id. 267; *Cline* v. *Jones*, 111 id. 563; *Weber* v. *Christen*, 121 id. 91; *Douglas* v. *West*, 140 id. 455; *Winterbottom* v. *Pattison*, 152 id. 334; *Miller* v. *Meers*, 155 id. 284; *Valter* v. *Blavka*, 195 id. 610; *Chapin* v. *Nott*, 203 id. 341, and is the settled law of this State.

In *Masterson* v. *Cheek, supra,* on page 74, it was said: "As a general principle, both delivery and acceptance are essential to the validity of all deeds conveying land; but the principle is to be understood with some qualification, as in the case of infants or lunatics, either of whom may be grantees but neither of whom can signify an acceptance."

And in *Miller* v. *Meers, supra,* on page 295: "It is well settled that the law makes stronger presumptions in favor of the delivery of deeds in cases of voluntary settlements, especially in favor of infants, than in ordinary cases of bargain and sale. The acceptance by the infant will be presumed. And it is even held that an instrument may be good as a voluntary settlement though it be retained by the grantor in his possession until his death, provided the attending circumstances do not denote an intention contrary to that appearing upon the face of the deed."

And in *Rodemeier* v. *Brown*, 169 Ill. 347, on page 359: "The law makes stronger presumptions in favor of the deliv-

ery of deeds in cases of voluntary settlements than in ordinary cases of bargain and sale. * * * In cases of voluntary settlements, the mere fact that the grantor retains the deed in his possession is not conclusive against its validity, if there are no other circumstances, besides the mere fact of his retaining it, to show that it was not intended to be absolute."

And in *Chapin* v. *Nott, supra,* on page 347: "The law has a regard for the relationship of the parties and the motives that are presumed to dictate such conveyances, and the degree of confidence which the parties, standing in such relation, as donors and donees of valuable property, are presumed to have; and in such case the presumption of law is that there was a delivery, and when brought in question the burden is upon the grantor, or those claiming adversely to the donee or beneficiary, to show clearly that there was no delivery."

The acceptance of the provisions of a voluntary settlement, if beneficial to the grantee, will be presumed, even though he had no knowledge of the existence of the deed until after the death of the grantor. In *Rivard* v. *Walker, supra,* it was said (p. 414) : "A merely formal delivery of a deed is not required, even as between adults. It is only necessary that the grantor should part with the control of the deed, and do so with a view of passing the title of the land. He may deliver the deed to the grantee or to a stranger for his use, and his acceptance will be presumed from the fact that the deed is for his benefit. This is the law in behalf of adults, and a much larger presumption is indulged in regard to infants, from their incapacity to manifest directly their acceptance of a deed." And in *Winterbottom* v. *Pattison, supra,* (p. 340) : "The grantee's acceptance will sometimes be presumed from the fact that the deed is for his benefit. (*Rivard* v. *Walker,* 39 Ill. 413; 5 Am. & Eng. Ency. of Law, p. 448.) Where the grantee is an infant, the presumption of acceptance is a rule of law, and 'knowledge of the conveyance and of its acceptance is not necessary.' " And in *Chilvers* v. *Race,*

214—24

196 Ill. 71, on page 77: "Where the conveyance is a voluntary settlement, or to one who is not *sui juris,* a formal assent need not be shown, as it will, if nothing further appear, be presumed."

It is also held that no particular form or ceremony is necessary to constitute a delivery of a deed. It may be "by acts without words, or by words without acts, or by both." Anything which clearly manifests the intention of the grantor and the person to whom it is delivered that the deed shall presently become operative and effectual and that the grantor loses all control over it, and that by it the grantee is to become possessed of the estate, constitutes a sufficient delivery. The very essence of the delivery is the intention of the parties. *Cline* v. *Jones, supra.*

The deed in question was executed by Martha Ann Hall, her husband, Lyman Hall, joining in the execution thereof. After it was signed and acknowledged the notary public, in the presence of Martha Ann Hall, delivered it to Lyman Hall. Afterwards he caused the deed to be recorded. After a diligent search of the record we have been unable to discover any fact or circumstance which tends in any degree to rebut the presumption arising upon the face of the deed that Martha Ann Hall intended, by its execution and delivery to her husband, to convey the title to the said premises to her daughter at the time she signed and acknowledged and delivered to him said deed. This case differs in this particular from the many cases cited and relied upon by the appellants, as it will be found in those cases facts appeared in the record which rebutted the presumption that the grantor intended that the deed should presently become operative and effectual, and that he lost control over it, and that by it the grantee became vested with the estate.

We think it apparent the provision found in the deed reserving the possession of the premises, "until the deaths of each of the grantors," affords strong presumptive proof that Martha Ann Hall intended the title to immediately vest in

Martha Zurretta Hall. Had she not intended the title to immediately vest, there was no reason for reserving in the deed the possession of the premises during the life of herself and her husband. If the effect of that reservation was to create a life estate in Lyman Hall, then, under the authority of *Chapin* v. *Nott, supra,* the delivery to him was a delivery of the deed to Martha Zurretta Hall, as it was there held that the delivery of a deed to a life tenant is a sufficient delivery to the remainder-man, where both estates are created by the same deed.

It is, however, urged, that Lyman Hall took no interest in said lands by virtue of said reservation. If this contention be conceded, then Lyman Hall stood in the position of a stranger to said deed, and Martha Ann Hall might legally deliver said deed to him for the benefit of their child, Martha Zurretta Hall, which delivery would have been natural and proper, as it appears Martha Zurretta Hall was not fully capable of accepting the deed in person and of protecting her interests in the land transferred to her by the deed.

The deed in this case which the court is asked to hold void on the ground that it was not delivered, was executed in the year 1885. It was placed upon record within a few months after its execution, and Lyman Hall occupied the premises, by virtue of its terms, for about six years. Subsequent to his death Martha Zurretta Hall, through a trustee, occupied the premises, by virtue of said deed, for about ten years. The other heirs of Martha Ann Hall during all that time did not question said deed as a valid conveyance, and recognized Martha Zurretta Hall, the grantee therein named, as the owner of the premises in fee, subject to the right of her father to occupy it during his life. No claim of fraud is made or proved. The authorities in this State are clear that the burden of proof is upon the appellants to establish the non-delivery of said deed. (*Bryan* v. *Wash, supra; Rivard* v. *Walker, supra; Chapin* v. *Nott, supra.*) In the last case it was held, when the delivery of a deed creating a voluntary

settlement is "brought in question the burden is upon the grantor, or those claiming adversely to the donee or beneficiary, to show clearly that there was no delivery."

We are of the opinion the chancellor properly held that the delivery of the deed to Martha Zurretta Hall was not impeached, and that he did not err in dismissing the cross-bill of Lydia Z. Baker.

The decree of the circuit court will be affirmed.

*Decree affirmed.*