WILLIAM HENRY

*v.*

ROBERT HENRY.

*Opinion filed April 17, 1905.*

1. DEEDS—*what facts raise presumption of delivery.*  Proof that the grantor purchased a tract of land for the purpose of conveying it to the grantee, and that immediately after the purchase she executed a voluntary conveyance therefor in the form of a warranty deed, which was soon thereafter seen in the possession of the grantee, who had taken possession of the land, raises a presumption of delivery of the deed to the grantee.

2. SAME—*what does not overcome presumption of delivery.*  The presumption of delivery of a voluntary conveyance to the grantee, arising from proof of the grantor's intention to convey the land to him and the fact of the deed having been thereafter seen in the possession of the grantee, who was in possession of the land, is not overcome by proof that the grantee subsequently took the deed, with other papers, to a bank and had them put in a box in which the grantor kept papers, where they were found after her death.

3. SAME—*effect where a deed is found among grantor's papers after her death.*  The fact that a voluntary conveyance is found among the grantor's papers after her death is not, unexplained, sufficient to overcome the presumption of its delivery, there being no evidence of an intention on the part of the grantor that the deed should not become at once effective.

4. SAME—*there is a presumption in favor of delivery of voluntary conveyance.* In view of the confidential relation presumed to exist between parties to a voluntary conveyance there is a presumption of delivery, even though the grantee is an adult, which does not arise in the case of an ordinary bargain and sale.

5. SAME—*equity will not correct mistake in voluntary conveyance.* A court of equity will not decree the correction of an alleged mistake in a voluntary conveyance, but if the deed is delivered it passes title to all the land correctly described therein, notwithstanding there is a mistake as to other land.

, APPEAL from the Circuit Court of Shelby county; the Hon. S. L. DWIGHT, Judge, presiding.

This is an appeal from a decree for partition entered by the circuit court of Shelby county in a suit brought by appellee, against appellant. Appellant and appellee are the only living children of James and Emily Henry. James Henry departed this life the owner of a tract of land in Shelby county, this State, in which, after his death, dower and homestead were assigned to his widow and the remainder divided between his heirs. This proceeding is brought to partition the portion of said premises so assigned as dower and homestead to Emily Henry, she being now deceased, and further to partition forty-five acres of land of which it is alleged she died seized, she having acquired fifteen acres of the same by inheritance from deceased children and thirty acres thereof by purchase from appellee. As to the portion of the premises in which she had dower and homestead there is no controversy, it being admitted that the decree, so far as that is concerned, fixed the rights of the parties therein correctly, but as to the forty-five acres it is contended by the appellant that he is the owner thereof by virtue of a warranty deed made to him by his mother during her lifetime.

The scrivener who drew the deed made an error in the description of the fifteen-acre tract, describing real estate not owned by Emily Henry. Appellant, by cross-bill, sought to have this description corrected so as to cover the real estate

which was intended to be conveyed. Appellee contended, first, that said deed was not delivered during the lifetime of Mrs. Henry; and second, that even though the deed was delivered it was a voluntary conveyance, and appellant was not entitled to the relief sought by his cross-bill. The trial court sustained both contentions, found appellant and appellee to be tenants in common of all of the premises described in the bill, and entered a decree for partition.

Upon the trial appellant presented a number of witnesses who testified to conversations had with Emily Henry relative to her purchase of the thirty-acre tract of her son Robert, what her purpose was in making the purchase, what she proposed doing with the land and what she had done with it, and from the uncontroverted evidence it seems clearly proven that Emily Henry felt that appellee had not shown her the consideration to which she was entitled, while appellant and wife had treated her with especial kindness, and that appellee lived in a western State, while appellant resided on a farm in Shelby county and assisted in caring for her and her business. It appears that appellee placed thirty acres of land which he owned, in the hands of a real estate firm at Shelbyville for sale. Mrs. Henry purchased this real estate with the intention of conveying the same to appellant, whose farm joined it. She so stated to one of the real estate firm while negotiations were pending for the purchase of the thirty-acre tract, and at the time the transaction was closed and the deed from appellee to her delivered by the other member of this real estate firm, she instructed him to draw a deed conveying the premises described in appellee's deed and the fifteen-acre tract owned by herself, to William, the appellant, and stated that as soon as she could get down town she would come in and sign it. Shortly thereafter she executed said deed, and then went to the county clerk's office of Shelby county and instructed the clerk to change the assessment of said real estate from her name and that of appellee to appellant's name. Thereafter she told several persons that she had deeded the

land in question to William, and stated to the daughter and son of appellant that she had given their father a deed to the premises and he could do as he pleased with it. Both the son and the daughter, who were married and not living in the home of the father, testified that they saw the deed in question in the possession of their father at his home several months before the death of their grandmother. After the deed was executed appellant went upon the premises, built fences, grubbed and cleaned out the fence rows, did some seeding and made other repairs and exercised dominion thereover. The evidence shows that during the fall of 1903 appellant went to the bank in Shelbyville where Emily Henry did her business, and delivered the deeds from appellee to his mother and from Emily Henry to himself, with the abstract to said thirty-acre tract, to the cashier, instructing him to place the same in the lock-box of his mother, which was kept in the bank, and that upon the death of Mrs. Henry these deeds and abstract were found in the box. Angelina Quigg, a sister of Mrs. Henry, who was nursing her during her last illness, testified that on one occasion she heard Emily Henry instruct appellant's wife to get a deed from her bureau and have it put in her box at the bank; that she did not see the deed nor know the contents thereof, nor was anything said in her presence which would identify the same, except that it was said to be a quit-claim deed, while the deed to appellant from his mother was a warranty deed.

CALVIN GREEN, and W. C. KELLEY, for appellant.

RICHARDSON, PEADRO & WHITAKER, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

There can be no question, under the facts in this case, but that the deed from Emily Henry to William Henry was a voluntary conveyance and without consideration other than the love and affection the grantor had for the grantee and the desire to do something for him in recognition of his

kind treatment of her. The evidence clearly shows the purpose of the purchase of the tract of land of appellee was to give the same to appellant, and all steps were taken to carry out this purpose with convenient speed after the purchase thereof. Therefore, if the deed was delivered it conveyed to the appellant so much of said premises as were correctly described therein.

The evidence shows Emily Henry purchased said thirty-acre tract with the intention of conveying the same to appellant; that so soon as she acquired title thereto she executed a warranty deed conveying said premises to appellant; that soon after said deed was executed by her it was seen by the son and the daughter of appellant in his possession, and that almost immediately after the purchase of said premises by Emily Henry from the appellee the appellant was in possession thereof. From the proof of these facts a presumption arises that said deed was delivered to appellant, unless such presumption is rebutted by other proofs found in the record. The only facts relied upon to rebut the presumption of delivery arising from such facts is, that prior to the death of Emily Henry the appellant took said deed, in connection with the deed from appellee to her and the abstract of title to said premises, to the bank in Shelbyville where Emily Henry did business, and requested the cashier of said bank to place said deeds and abstract in the private box of Emily Henry, where such papers were found after her death, and the testimony of Angelina Quigg, referred to in the statement preceding this opinion. It does not appear that the deed referred to by Angelina Quigg was the deed from Emily Henry to appellant; and the deposit of the deed by appellant in the box of Mrs. Henry, if the same had before that time been delivered to him by her, would not have the effect to divest him of and re-invest her with the title to said premises. We do not think, therefore, the presumption that said deed was delivered, arising from the proofs heretofore referred to, rebutted by said facts.

215—14

While a deed must be delivered to have the effect to convey title, where the deed is a voluntary conveyance much stronger presumptions are indulged in in favor of a delivery than in cases of deeds of bargain and sale, and while such presumption is weakened where the grantee is an adult and fully competent to protect his rights, still, in view of the confidential relations which are presumed to exist between the parties in such cases, there is a presumption of delivery arising from the relation of the parties which does not arise in the case of a deed of bargain and sale. In *Chapin* v. *Nott,* 203 Ill. 341, at page 347, it is said: "The law has a regard for the relationship of the parties and the motives that are presumed to dictate such conveyances, and the degree of confidence which the parties, standing in such relation, as donors and donees of valuable property, are presumed to have, and in such case the presumption of law is that there was a delivery, and when brought in question the burden is upon the grantor, or those claiming adversely to the donee or beneficiary, to show clearly that there was no delivery." And in *Bryan* v. *Wash,* 2 Gilm. 557, it is said: "The burden of proof is on the grantor to show clearly that there was no delivery."

In this case appellee made no proof that it could be said tended to prove that the deed was not delivered, other than proof of the fact that it was found among the papers of deceased after her death. This, unexplained, in the case of a voluntary conveyance, has been held not to be sufficient to overcome the presumption of delivery, where there is no evidence to show an intention on the part of the grantor that the deed shall not at once become effective. (*Cline* v. *Jones,* 111 Ill. 563.) In this case it clearly appears that the deed was placed where it was found, by the grantee, and that it was his act, and not that of Emily Henry, that placed the same within her apparent dominion and control. In *Rodemeier* v. *Brown,* 169 Ill. 347, it was said (p. 359): "The law makes stronger presumptions in favor of the delivery

of deeds in cases of voluntary settlements than in ordinary cases of bargain and sale. * * * In cases of voluntary settlements the mere fact that the grantor retains the deed in his possession is not conclusive against its validity if there are no other circumstances, besides the mere fact of his retaining it, to show that it was not intended to be absolute." In the late case of *Baker* v. *Hall,* 214 Ill. 364, this question was before the court and the rule herein laid down was reaffirmed.

We are of the opinion, in view of all the facts found in this record, that the trial court should have held that said deed was delivered and that appellant was the owner of the thirty acres correctly described in said deed.

As to the question raised by the cross-bill in reference to the correction of the deed in so far as it misdescribes the fifteen acres sought to be conveyed, we are of the opinion the court properly refused to grant the relief prayed for. As was said in the beginning of this opinion, this is clearly a voluntary conveyance. In such case a court of equity will not decree the correction of a mistake in a deed. *Strayer* v. *Dickerson,* 205 Ill. 257.

The decree will therefore be reversed in so far as it holds appellant not to have been the owner of the thirty-acre tract in controversy and decrees partition thereof between appellant and appellee, and will be affirmed to the extent that it finds appellant and appellee to be tenants in common of the tract in which the dower and homestead of Emily Henry was assigned and the fifteen-acre tract not described in her deed to appellant, and the case will be remanded to the circuit court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed in part and remanded.*