PANNELL v. ASKEW et al.

(Court of Civil Appeals of Texas. Texarkana. Jan 18, 1912.)

1. JUDGMENT (§ 252*)— CONFORMITY TO PLEADINGS—RELIEF OBTAINABLE.

In a suit of trespass to try title, the plaintiff, an illiterate woman, contended that she did not execute the deed under which defendants claimed, and that, if she did, it never took effect, because it was not delivered. It appeared that she intended, by a deed of gift to take effect at her death, to convey the land to defendants, and had executed a deed which she supposed accomplished this purpose. The deed under which defendants claimed was so drawn as to take effect when delivered. Plaintiff did not ask for a reformation of this deed. Held, that a judgment that plaintiff owned a life estate in the land, and that defendants owned the fee, was unauthorized, since plaintiff had not asked for, and defendants, being mere donees, were not entitled to, such relief.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 441; Dec. Dig. § 252.*]

2. DEEDS (§ 62*)—DELIVERY—UNAUTHORIZED RECORDING—RATIFICATION.

Where a deed which had not been delivered to the grantee was placed of record, without the knowledge of the grantor, by a third party, the grantor's ratification of this act constitutes a delivery sufficient to pass the title.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 128, 129; Dec. Dig. § 62.*]

3. LIMITATION OF ACTIONS (§ 44*)—ACCRUAL OF CAUSE OF ACTION—QUIETING TITLE.

In trespass to try title, wherein the plaintiff asked that the deed, under which defendants claimed, be canceled as a cloud on her title, it appeared that defendants had never had possession or claimed title under the deed prior to the commencement of the action. Held, that the statute of limitations was not available as a defense, since the right to have a cloud on the title removed is a continuing right.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 220–232; Dec. Dig. § 44.*]

Appeal from District Court, Hopkins County; R. L. Porter, Judge.

Trespass to try title by Sylvia Pannell against Henry Askew and others. From the judgment, plaintiff appeals. Reversed and remanded.

D. Thornton, for appellant. Connor & James, for appellees.

WILLSON, C. J. Appellant a negress and a widow, about 90 years of age, was the plaintiff below. Her suit was against appellees Henry Askew and Ella Lee, who were her great-grandchildren, and appellee Charley Lee, husband of Ella, to try the title to about 70 acres of land in Hopkins county.

It appeared from the testimony that on

February 17, 1896, appellant was the owner of the land in controversy, and at the time of the trial was still the owner of it, unless, as claimed by appellees, she had, by a deed of gift of that date, purporting to have been executed by her, conveyed it to appellees Henry Askew and Ella Lee. Appellant claimed, and introduced testimony which tended to support her contention, that she did not execute the deed; and that if she did it never took effect, because it was not delivered by her, or by any one authorized to act for her. There was testimony conclusively establishing that appellant had supported and cared for her said great-grandchildren from their infancy, and intended, by a deed of gift to take effect at her death, to convey the land to them, if they did not in any way mistreat her as they grew older. Appellant testified' that she could neither read nor write; that in 1896, when her said great-grandchildren were small children, she requested one W. A. Smith, a notary, to prepare for her to execute a deed, to take effect at her death, conveying the land, then, as ever afterwards, her homestead, to her said great-grandchildren; and that she then, by making her mark, signed a deed prepared by said Smith, which she at the time supposed had been written in accordance with her instructions to him. The deed appellees relied on was prepared by said Smith, but was so written as to take effect when delivered, and it purported to have been signed by appellant in her own handwriting. Without appellant's knowledge or consent, at the instance of Sam Lewis, appellant's grandson, in February, 1899, the deed last mentioned was taken from Smith's office, where, it appears, it had remained after it was written in 1896 and filed for record in the office of the county clerk. It was recorded February 27, 1899, and a few days thereafterwards was delivered by the county clerk to Lewis, who retained possession of it until some time in the fall of 1910, when he delivered it to appellant. Appellant's said great-grandchildren understood that she intended them to have the land at her death, but, it seems, never saw the deed under which they claimed title until about the time, or shortly before, the suit was commenced.

The jury, as authorized by the charge of the court, found that appellant owned a life estate in the land, and that appellees owned the fee. The court rendered a judgment in accordance with their verdict.

[1] The effect of the judgment was to so reform the deed appellees claimed under, as to make it reserve to appellant a life estate in the land. She had not asked for such relief; and, it appearing that her great-grandchildren were mere donees, they were not entitled to such relief. Smith v. Smith, 80 Ark. 458, 97 S. W. 439; Mudd v. Dillon, 166 Mo. 110, 65 S. W. 973; Willey v. Hodge, 104 Wis. 81, 80 N. W. 75, 76 Am. St. Rep. 852;

Henry v. Henry, 215 Ill. 205, 74 N. E. 128; Finch v. Green, 225 Ill. 304, 80 N. E. 318.

On the case as made by the pleading and the testimony, the judgment should have been either for appellant or for appellees for the entire estate in the land. As it was not, it is fundamentally wrong, and must be reversed.

[2] It was conclusively shown that the deed appellees relied on, if executed by appellant, was never delivered by her, or by her authority. There was testimony, however, tending to show that in 1899, after Sam Lewis had had the deed placed of record, he informed her of the fact, and that she approved of his act in having it recorded. The only controverted issues, material to a determination of the rights of the parties, made by the pleadings and the testimony were: (1) Did appellant execute the deed appellees relied on for title? (2) If she did, did she, with knowledge that it had been placed of record by Sam Lewis, ratify his act in placing it of record? On another trial, should the pleading and testimony be the same, if both these issues should be determined in the affirmative, the judgment should be for appellees for the entire estate in the land. If both or either of them should be in the negative, the judgment should be for appellant for the entire estate in the land.

[3] In her petition, in addition to the allegations usual in a suit of trespass to try title, appellant asked that the deed appellees claimed under be canceled as a cloud on her title. Appellees in their answer set up the four-year statute of limitations as a bar to such relief. The court instructed the jury, certain other contingencies specified concurring, to find for appellees, if they believed appellant executed the deed, and that it was placed of record at a time four years before November 11, 1910, when appellant's suit was commenced. We do not think the statute of limitations had any application to the case made by the testimony. It did not appear that appellees ever had possession of the land, or had otherwise, until appellant commenced her suit, asserted title to it by virtue of the deed. On the contrary, it appeared that at the time the deed was placed of record, and ever afterwards until she commenced her suit, appellant was in possession thereof, occupying, using, and paying taxes on it as her homestead; that appellees never, until the suit was commenced, knew anything about the character or contents of the deed they claimed under on the trial, and never understood or claimed that they had, nor until appellant's death would have, any interest in the land. "While a cause of action clearly accrues to the owner of real property in possession thereof, whenever a cloud upon his title is created, or an adverse title asserted," said the Supreme Court of Nebraska, in Batty v. City of Hastings, 63 Neb. 29, 88 N. W. 140, "we do not think it

necessarily follows that such cause of action accrues then once for all, so as to start the statute of limitations from that date. A cloud upon a title must always continue to operate as such during the period of its existence, and, as its effect upon the title is continuing, the cause of action resting on the right of the owner to have it removed would seem to be continuing also, and to be available at all times while the cloud remains." And see Van Auken v. Mizner, 2 Neb. (Unof.) 899, 90 N. W. 637; McCelvey v. McCelvey, 15 Tex. Civ. App. 405, 38 S. W. 473.

The judgment will be reversed, and the cause will be remanded for a new trial.