## Musetta Henton, Appellee, v. George W. Henton, Appellant.

1. NEGOTIABLE INSTRUMENTS—*what consideration sufficient to support.* The existence of a claim founded upon an equitable duty such as would be enforced by a court of equity, is a sufficient consideration for a promise to pay it and such promise may be enforced in a court of law.

2. NEGOTIABLE INSTRUMENTS—*what consideration sufficient to support assignment.* Services rendered and to be rendered in the future are sufficient by way of consideration to support the assignment of a promissory note.

Assumpsit. Appeal from the Circuit Court of Coles county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

VOIGT & BENNETT, for appellant.

CRAIG & KINZEL, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Upon the trial of this cause by the court without a jury, appellee recovered judgment in assumpsit against appellant for $465, being the amount of principal and interest due upon two promissory notes dated December 25, 1905, for the sums of $160 and $296, respectively, executed by G. W. Henton, payable to the order of John Henton and by him assigned and indorsed to appellee. In addition to the general issue, special pleas were filed to the declaration, the first three of which deny the validity of the alleged assignment and indorsement of the notes and aver that the payee was not of sound mind at the time he indorsed and assigned the same. The fourth special plea in substance alleges that the consideration of the notes had failed except as to the sum of $171, of which fact appellee had full notice, and that the same were assigned to her without any valuable consideration. The evidence discloses the following facts: John Henton was the father of appellant George W. Henton, Melvin Henton and Mrs. Mack Tudor. In July, 1903, he executed deeds to said children, conveying to each, without consideration, a tract of 160 acres of land for life, with remainder to the heirs of their bodies, respectively. About a year thereafter he delivered said deeds to Mrs. Tudor and directed her husband, Mack Tudor, to have them placed on record. Prior to this time each of said children had been paying their father rent for the tracts of land so conveyed to them, respectively. There was evidence which fairly tended to show, and the trial

judge was not unwarranted in finding, that at the time of the delivery it was understood by the parties that each of the grantees was to continue as before to pay rent to the grantor, their father, during the remainder of his life, and that each of them did so. Pursuant to said arrangement on December 25, 1905, appellant executed and delivered to his father, John Henton, the notes in suit in payment of the rent of the land theretofore conveyed to him for the year beginning March 1, 1906. In January or February, 1906, John Henton assigned and delivered said notes to appellee, Musetta Henton, the wife of his son, Melvin. The evidence in the record fails to show as alleged in the pleas that John Henton was not of sound mind when he executed and delivered the notes.

The contention first argued by appellant is that there was no consideration for the notes as between the maker and payee. We think that the conveyance of the real estate by John Henton to appellant prior to the execution of the notes, amounted to a sufficient consideration for the promise by appellant to his father to pay rent, notwithstanding the land had been already conveyed to him without any reservation in the deed. The existence of a claim founded upon an equitable duty such as would be enforced by a court of chancery, is a sufficient consideration for a promise to pay it and such promise may be enforced in a court of law. 6 Am. & Eng. Ency. Law, 710.

It is next argued that appellee paid no valuable consideration for the notes. There is evidence tending to show that John Henton was an aged man in ill-health and for several years prior to his death had made his home with Melvin Henton and appellee, his wife; that he required constant and particular attention and assistance, which was given him, at his request, by appellee; and that the notes were given to her in return for such services. Such facts created at least a moral obligation upon the part of John Henton to compensate appellee for services of the character

mentioned already rendered and to be rendered in the future, so long as he remained under her care, and constituted a sufficient consideration for the transfer of the notes to appellee. Finck v. Green, 225 Ill. 304. Our views are in substantial accord with those of the trial court, as expressed in the proposition of law submitted by appellant and modified and held by the court.

The judgment will therefore be affirmed.

*Affirmed.*