(No. 12560.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, vs.
ALVIN PORTER, Appellee.

*Opinion filed April 15, 1919.*

1. INHERITANCE TAX—*conveyance to take effect after death of donor is subject to tax.* Where a conveyance is intended to take effect in possession or enjoyment after the death of the donor it is subject to an inheritance tax, even though the intention of the parties is not evidenced in writing.

2. SAME—*tax applies to a conveyance where contemplation of death is the motive of transfer.* A conveyance is subject to an inheritance tax where the grantor's contemplation of death is the impelling motive which caused him to make the transfer, even though no evidence of that motive appears in the deed.

3. SAME—*when tax applies to conveyance to grantor's son, who lived with his father until the father's death.* Where a conveyance is made by a grantor to his son, who had lived with his father until the father's death, and there is no evidence of any contract for services rendered by the son but the evidence shows that the conveyance was made in contemplation of death and the enjoyment and possession were postponed until the death of the grantor, the property involved in the transfer is subject to an inheritance tax.

4. CONTRACTS—*no contract for services is implied where parties live together as one family.* Where parties live together as members of one family the law does not imply a contract on the part of one to pay for the services rendered by another but the presumption arising from the relation is that such services are rendered gratuitously, and in such case there can be a recovery only by proving the making of an express contract or circumstances from which a reasonable inference will arise that such a contract was made.

5. SAME—*moral obligation must have once been legal to be a consideration.* A moral obligation does not suffice for a consideration unless the moral obligation was once a legal one.

APPEAL from the County Court of Warren county; the Hon. L. E. MURPHY, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, FLOYD E. BRITTON, and GEORGE C. HILLYER, for appellant.

J. N. THOMAS, (E. P. FIELD, of counsel,) for appellee.

287 — 26

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal by the People from the order of the county court of Warren county fixing the inheritance tax on the estate of J. Thatcher Porter, deceased. The principal question involved is whether the conveyance in the lifetime of the deceased of 200 acres of real estate to Alvin Porter, his son, is subject to an inheritance tax under the laws of the State.

J. Thatcher Porter died intestate on September 13, 1917. At the time of his death he was seized and possessed of real estate and personalty, over and above indebtedness, amounting to about $97,000, on which the county court assessed an inheritance tax as provided by law. The court held the 200 acres deeded to Alvin Porter were transferred as compensation for services rendered by him to the deceased and that the conveyance was based upon a full and valuable consideration, and that the property, and the conveyance thereof, are not subject to the assessment of an inheritance tax. The transfer of the 200 acres to Alvin Porter is dated April 6, 1916.

Appellant contends, first, that the conveyance was made in contemplation of death, and that this was the impelling motive causing the grantor to make the conveyance in spite of the fact that it may have been made to compensate the grantee for services rendered, and that while the sense of obligation contributed to the gift such was not the impelling motive; second, that the conveyance was intended to, and did, take effect after the death, and that such consideration as was present was but a moral obligation and not a legal one and did not take the transfer out of the terms, spirit or meaning of the statute.

It appears from the evidence that the grantor at the time of this conveyance was about seventy-five years of age, feeble, afflicted with disease and subject to sinking spells, presumed to be the result of heart trouble. The testimony tends to show that for two years previous to his death his

health was such that death might be expected to occur at any time; that at the time of the conveyance in question, and 'for some time previous thereto, he was under the care and treatment of a physician; that his health gradually failed until his death, on September 13, 1917. The evidence further tends to show that Alvin Porter, who was forty-seven years of age, had remained at home with his parents and managed the farm of some 480 acres, including the land in question, for his father up to the time of his father's death. There was no change in possession of the 200 acres in question until after the death of the grantor. The grantee stated that in his opinion this conveyance was made in contemplation of death and not to take effect in possession until after the death of the grantor, but that the conveyance was made for the purpose of compensating him for services rendered to the grantor in his lifetime. Alvin received none of the proceeds from this land until after the death of his father, although the management of the land was under his control and direction, with the other lands then owned by his father. The father received the profits and paid the taxes and operating expenses from the proceeds. The testimony further tends to show that it was the understanding between Alvin and his father that the business should be conducted just the same as it had been prior to the conveyance, until the death of the grantor. The evidence fails to show any specific agreement or understanding between Alvin and his father concerning any compensation to be paid to Alvin for his services, he testifying that at the time he performed the services he believed his father would do the right thing under the circumstances. The evidence shows the value of the land to be $36,000. There is evidence showing, or tending to show at least, that the fair value of services rendered by Alvin to his father since his majority to the date of the conveyance approximates the fair cash market value of the land in question at the time of the conveyance.

That portion of section 1 of the statute concerning tax on gifts, legacies, inheritances, transfers, etc., is as follows: "A tax shall be and is hereby imposed upon the transfer of any property, real, personal or mixed, or of any interest therein or income therefrom, in trust or otherwise. * * * 3. When the transfer is of property made by a resident * * * by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death." (Hurd's Stat. 1917, p. 2500.)

The general rule with relation to the assessment of an inheritance tax is, that where the conveyance is intended to take effect in possession or enjoyment after the death of the donor it is subject to an inheritance tax, and this even though the intention of the parties is not evidenced in writing. (*People* v. *Estate of Moir,* 207 Ill. 180.) "A gift is made in contemplation of an event when it is made in expectation of that event and having it in view, and a gift made when the donor is looking forward to his death as impending and in view of that event is within the language of the statute." (*Rosenthal* v. *People,* 211 Ill. 306.) So, also, it was held in *Estate of Merrifield* v. *People,* 212 Ill. 400, that where property is conveyed without consideration though by an absolute deed, followed by enjoyment and possession by the grantee during the grantor's life, such transfer is taxable under section 1 of the Inheritance Tax law if the transfer was made in the contemplation of the death of the grantor. It was held in *In re Estate of Benton,* 234 Ill. 366, that a gift made in contemplation of death, as expressed in the Inheritance Tax law, is not restricted to a gift *causa mortis,* but includes gifts *inter vivos* if they are made when the donor is looking forward to his death as impending and made in view of that event, for the purpose of placing his estate, or some part thereof, in the hands of the person whom he desires to enjoy it after his death. In the case of *People* v. *Carpenter,* 264 Ill. 400, the words,

"in contemplation of death," used in the Inheritance Tax statute, are held to mean, not the general expectation of all rational mortals that they will die some time, but an apprehension of death arising from some existing infirmity or impending peril.   In *People* v. *Burkhalter,* 247 Ill. 600, the rule is laid down that where transfers of property take effect in possession and enjoyment during the lifetime of the grantor they are not subject to an inheritance tax unless the grantor's contemplation of death was the impelling motive which caused him to make such transfer.   If such was the impelling motive the transfers are subject to the tax, and this though no evidence of that motive appears in the deed.   In the case at bar the county court found that there was a full and adequate consideration for the transfer in·question, and held that by reason of such full and adequate consideration the Inheritance Tax statute is not applicable.   In *People* v. *Orendorff,* 262 Ill. 246, the rule is laid down that only the beneficiary's interest passing from the decedent to the heir as a result of the death is taxable, and that an absolute transfer of property made in good faith for a valuable consideration, and not made in contemplation of death, is not subject to the inheritance tax.

It is contended on the part of the appellee that the transfer in question was for a valuable consideration, and that, even though made in contemplation of death and the enjoyment and possession thereof postponed until the death of the grantor, such transfer is, nevertheless, not subject to an inheritance tax.   Were such to be held to be the rule, we can see no application of it where there does not appear to have been a valuable consideration moving from the grantee to the grantor.   The rule is that where parties live together as members of one family the law does not imply a contract on the part of one to pay for the services rendered by another, but the presumption arising from the relation is that such services are rendered gratuitously.   In such a case there can be a recovery only by proving the

making of an express contract or circumstances from which a reasonable inference would arise that such a contract was in fact made. A moral obligation does not suffice for a consideration unless the moral obligation was once a legal one. *Finch* v. *Green,* 225 Ill. 304.

Appellee relies on the case of *Legate* v. *Legate,* 249 Ill. 359. That case was a bill in chancery reforming a deed executed by Israel Legate to Sarah Legate, his sister. The opinion in that case is based on the finding of the court that Israel intended to convey certain property and that the property was left out of the deed through a mistake of the scrivener, and that there was a valuable consideration for the conveyance. The rule is, however, laid down in that case, that where members of a family reside together and some of them render services for others, the presumption of law arising from the relation is that such services are rendered gratuitously, and that no recovery can be had for such services without proving an express contract or circumstances from which the law would imply a contract. In this case the evidence of the appellee shows that there was no contract that he should receive either the property in question or any other financial gain for his services, and we are of the opinion that no consideration based upon a legal obligation existed. This being true, and it appearing from the statements of the appellee himself as well as from other evidence in the record that the transfer was made in contemplation of death and the enjoyment and possession thereof postponed until the death of the grantor, such transfer and the property therein involved are subject to an inheritance tax.

The county court found the fair cash market value of the 200 acres of land to be, at the time of the transfer, $36,000. Upon a review of the evidence we are of the opinion that said finding was justified.

The cause will therefore be remanded to the county court, with directions to enter an order assessing an inher-

itance tax against the property on the basis of the value of the same found by the court and in accordance with the statute in such case made and provided.

*Reversed and remanded, with directions.*