(No. 20677.—

JOHN F. STANFORTH *et al.* Appellants, *vs.* ALBERT A. BAILEY *et al.* Appellees.

*Opinion filed April 23, 1931.*

SCHRIVER & SCHRIVER, WALTER L. MANNON, and J. J. NEIGER, for appellants.

CHURCH & CALIFF, and JAMES A. ALLEN, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

On April 3, 1914, Homer C. Mead was the owner of a farm in Mercer county, and on November 29, 1921, he and his wife, Luella Mead, were the owners, as tenants in common, of two lots in the city of Aledo. Mead died testate March 28, 1929, leaving him surviving no child or children or descendants of any deceased child, but leaving him surviving his widow, who died intestate on March 30, 1930, leaving no child or children or descendants thereof but leaving her surviving appellants John F. Stanforth, Charles Stanforth, Mary White, Clara Baxter and appellee Phebe I. Bailey, her brothers and sisters, and appellants Lillie Jones, Lizzie Remeley and Jennie Hummel, children and only heirs-at-law of Margaret Gardner, a deceased sister of Mrs. Mead, as her only heirs-at-law. Mead by his will gave a life estate to his wife in all his property, with power to use any part for her support if the income was insufficient, devising and bequeathing the remainder at the death of his wife to A. A. and Phebe I. Bailey. Bailey was appointed administrator with the will annexed of the estate of Mead by the county court of Mercer county on April 30, 1929, and William N. Duffield was appointed administrator of the estate of Luella Mead by the county court of Mercer county on October 14, 1929. Mead signed a deed on April 3, 1914, and acknowledged the same before a notary public, purporting to convey the farm to his wife. He turned the deed over to Emerson, the notary, with directions that if he died first it was to be delivered to his wife. On November 29, 1921, Mead signed and acknowledged a deed purporting to convey to his wife two lots in Aledo, but by a mistake of the scrivener the premises, which they owned as tenants in common, were not correctly described. In August, 1929, appellants filed in the circuit court their bill for partition of the farm and city property, claiming title thereto

as heirs of Mrs. Mead, basing their claim to the property on the deed above mentioned, and asked that the description of the city property in the deed be corrected by the decree of the court, making parties defendant Albert A. Bailey, Phebe I. Bailey, Albert A. Bailey as administrator with the will annexed of the estate of Mead, and John L. Stormont and Herman Relander, two tenants in possession of the premises. The Baileys answered the bill, alleging that the deeds had never been delivered and that the deed sought to be reformed was a voluntary conveyance, that no valuable consideration passed from the grantee, and that the deed could not be reformed by a court of equity. The cause was referred to a master in chancery to take proof and report his findings. He found that the deeds never had been delivered by the grantor to the grantee; that the deed to the city property was a voluntary conveyance—an attempted testamentary disposition of the property; that the Meads never owned the property described therein, and that both deeds were void and of no effect. The master found that the title to the city property was vested in the following named persons as tenants in common, in the following shares and proportions: Albert A. Bailey one-fourth part thereof, Phebe I. Bailey one-third part thereof, Charles Stanforth one-twelfth part thereof, John F. Stanforth one-twelfth part thereof, Mary White one-twelfth part thereof, Clara Baxter one-twelfth part thereof, Lillie Jones one thirty-sixth part thereof, Lizzie Remeley one thirty-sixth part thereof and Jennie Hummel one thirty-sixth part thereof, all subject to the payment of a claim of John F. Stanforth of $71.95 for taxes advanced by him on the premises, and that the interests of Charles Stanforth, John F. Stanforth, Mary White, Clara Baxter, Lillie Jones, Lizzie Remeley, Jennie Hummel and the one-twelfth interest of Phebe I. Bailey are all subject to the lien in favor of William N. Duffield, as administrator of the estate of Mrs. Mead, for the payment of the debts against said estate, and that the interest of Al-

bert A. Bailey and the undivided one-sixth interest of Phebe I. Bailey are subject to the lien in favor of Bailey, as administrator with the will annexed of the estate of Mead, for the payment of the debts against said estate, and that a decree for partition of the city property should be entered on that basis. He also·found that appellants had no interest in the farm property. A decree was entered in accordance with the recommendations of the master, from which decree appellants have appealed to this court.

In addition to the facts above stated the evidence shows that the notary, after the signing of the farm deed, kept possession of it until about 1923 in accordance with the grantor's directions above stated, when Mead asked for the return of the deed. This was refused until Mrs. Mead gave her consent thereto. Thereafter Mead deposited it, together with other deeds and papers, in his safety deposit box in the First National Bank of Aledo, to the contents of which box he alone had access, until November 17, 1928, at which time he receipted for the contents of the box. November 18, 1928, he gave the deeds to Albert A. Bailey for safe keeping. Bailey retained possession of the same until he took them to Mead's home on March 17, 1929, and left them. Mead at that time was unconscious by reason of a paralytic stroke, in which condition he remained until the time of his death. On March 17 Mrs. Mead, after consulting a lawyer, took the deeds to the recorder's office and had them recorded. S. W. Woodburn, a minister of the gospel, who went with Mrs. Mead, at her request, to the lawyer's office and to the recorder's office, testified that the lawyer asked her if Mead had delivered the deed to her, and she replied that he had not; that the lawyer asked if Mead would be in a condition to deliver it to her, to which she replied no, and that she did not think he ever would be.

There is no evidence identifying the deeds as ever having been in Mrs. Mead's possession prior to March 17, 1929.

Appellants rely on self-serving statements of Mrs. Mead, on the incompetent testimony of appellants and upon the presumption of delivery to the grantee arising from her possession and the recording of the deeds. Delivery of the deed to the farm to the notary, with directions to deliver it to Mrs. Mead in case Mead died first, did not constitute a delivery or a delivery in escrow, as it was neither an unconditioned delivery nor a delivery to a third person, to be delivered to the grantee upon the happening of an event which was certain to occur. (*Johnson* v. *Wallden,* 342 Ill. 201; *Weber* v. *Brak,* 289 id. 564; *Main* v. *Pratt,* 276 id. 218; *Elliott* v. *Murray,* 225 id. 107.) While courts will indulge the presumption that deeds duly acknowledged and recorded have been delivered and accepted, (*Talty* v. *Schoenholz,* 323 Ill. 232,) yet this presumption may be rebutted by showing that it was not the intention of the grantor to deliver it or by showing that it was, in fact, never delivered by the grantor. (*Sellers* v. *Rike,* 292 Ill. 468; *Sample* v. *Geathard,* 281 id. 79.) The evidence in the case shows that at the time of making the deed to the farm the grantor did not intend to then make an unconditional delivery, and it also shows that the deed was never received by the grantee until a time when the grantor, by reason of his affliction, was not mentally competent to make a delivery. The other deed was a voluntary deed, without consideration, and it did not describe any property owned by the grantor, and under these circumstances a court of equity will not reform the deed and compel the consummation of the gift. *Finch* v. *Green,* 225 Ill. 304; *Henry* v. *Henry,* 215 id. 205.

The decree of the circuit court was fully justified by the evidence, and it is affirmed.                    *Decree affirmed.*