**William H. HUSTED, Plaintiff-Appellant,**

v.

**S. B. FULLER, Fuller Products Company and Boyer International Laboratories, Incorporated, Defendants-Appellees.**

**No. 15439.**

United States Court of Appeals
Seventh Circuit.
May 26, 1966.

Edward J. Kelly, John T. Coburn, Chicago, Ill., for plaintiff-appellant.

H. Ernest LaFontant, Stradford, LaFontant, Fisher & Corrigan, Chicago, Ill., for defendants-appellees.

Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

The underlying facts in this law suit are largely undisputed. The plaintiff-appellant, William H. Husted, entered in-

to an agreement to acquire most of the assets of Boyer International Laboratories, Incorporated, one of the defendants-appellees, for a sum in excess of $1 million. Pursuant to the agreement, the plaintiff paid $120,000 as earnest money which was to be forfeited as liquidated damages if plaintiff failed (as he did fail) to exercise his option to purchase in apt time.

The defendant corporations, Fuller Products Company and Boyer International Laboratories, Incorporated, each described as an alter ego of the individual defendant, S. B. Fuller, needed working capital. Mr. Fuller solicited a loan from the plaintiff in the amount of $75,000, with the oral promise that in return for a 90-day loan, the aforesaid option would be extended indefinitely.

The District Court found that this extension was the primary consideration for the loan which was made shortly thereafter. The District Judge also found that Mr. Fuller made "broad references to assure plaintiff that he would see that plaintiff would not lose any money on the deal." Plaintiff interprets those "broad references" to mean that Mr. Fuller would see that plaintiff recovered his $120,000, although, as the District Court found "All parties knew that the $120,000 heretofore paid was thereby forfeited to defendants as liquidated damages" on May 6, 1964, when the option agreement expired.

At a later meeting, Mr. Fuller stated that he had borrowed $75,000 from plaintiff which was to be repaid. He also said that he felt a moral obligation to repay the $120,000 too. He agreed to deliver to the plaintiff two notes: one payable in 90 days for $75,000 and the other payable in 365 days for $120,000, each to bear interest at 5½%. Neither of these notes was ever delivered.

Plaintiff brought suit in the United States District Court for an order directing the defendants to deliver their promissory note for $120,000 payable May 28, 1965, with interest at 5½% and for judgment in the amount of $75,000 with interest at the same rate.

The District Court entered judgment in favor of plaintiff for $75,000 plus interest, but held that plaintiff was not entitled to the $120,000 on the ground that Mr. Fuller's promise, based on his feeling of moral obligation, was not supported by consideration.

Plaintiff contends that the District Judge has weighed the consideration and erroneously decided that a loan of $75,000 is inadequate to support a promise to repay that loan and also to return the forfeited $120,000. Plaintiff stresses the fact that in his findings of fact, the District Judge stated that on the occasion when Mr. Fuller expressed his feeling of moral obligation, he was merely making an historical recitation of the prior oral agreement. Plaintiff thus contends that this meant that the promise to repay the $120,000 was included in the assurances offered as consideration for the loan at the time it was solicited. However, when this statement is read in context it is clear that the District Court expressly found that the promise to repay the $120,000 was no part of the consideration for the loan of $75,000. The promise to see that plaintiff would not lose any money on the deal may have had reference solely to the $75,000.

█ The District Judge thus resolved a disputed issue of fact. His decision finds support in the record before us.

█ Under Illinois law, which is controlling in this case, a moral obligation cannot form a valid enforceable obligation, unless it was once a legal obligation. People v. Porter, 1919, 287 Ill. 401, 406, 123 N.E. 59, 7 A.L.R. 1041; Finch v. Green, 1907, 225 Ill. 304, 312, 80 N.E. 318. The District Court found that there was no legal obligation in this instance with reference to the $120,000.

The judgment of the District Court is affirmed.

Affirmed.